JOHN SHUMWAY, jun. *et al.*appellees *vs.* JOHN SHUMWAY,appellant.

An appeal is allowed from a decree of the court of probate appointing a guardian to an idiot, *non compos,* lunatic, or distracted person.

If a guardian be appointed to an idiot, *non compos,* lunatic or distracted person, agreeably to the 102d section of the act relating to "probate courts and settlement of estates," without any notice being given to such person by the authority making the inquisition, or by the court of probate, the appointment is void.

In such case, the persons making the inquisition must give notice to the party on whom the inquisition is to be had ; and the court of probate must also give reasonable notice of the intention to appoint a guardian.

The adjudication of the authority making the inquisition is not conclusive; but on appeal, the case may be re-examined and tried by a jury.

This was an appeal from a decree of the judge of probate for the district of *Manchester*, assigning a guardian over the appellant, by virtue of the statute authorizing a judge of probate, " on the request of any friend or relation of any idiot, *non compos,* lunatic or distracted person, residing in such district, to issue a commission to the select men and civil authority of the town, in which such person resides, to make inquisition in the premises ; and if said person shall be found by them, or a major part of them, on being notified, and examined by them, to be incapable of taking care of him or herself, they shall certify the same on such commission and return the same to such court ; and said court shall thereupon appoint some suitable person or persons to be guardian of such person so long as he or she shall remain incapable of taking care of him or herself."—*Statute, p.* 356, *sec.* 102.

Application was made to said judge on the 15th of the month ; and on the same day he issued a commission to the select men and civil authority of the town in which the appellant resided, and on the 16th they made inquisition on the premises ; and on the 17th made their return to the said judge of probate, on which they certified, that notice had been given to the appellant ; but it did not appear when, where, or how : whereupon the judge assigned a guardian without causing notice to be given to the appellant to appear before him, who did not appear.

The counsel for the appellees moved, that the appeal be set aside and dismissed, contending that the statute did not authorize an appeal in such a case. But the counsel for the appellant insisted that the statute *(p.* 333, *sec.* 7*th,)* did fully authorize the appeal : the words of which are, " that any person or persons aggrieved at, or dissatisfied with, any order, sentence, decree or denial, of any probate court, may within 20 days thereafter appeal therefrom to the next stated session of the Supreme Court of judicature," &c. Motion overruled.

BENNINGTON,
February
1829.

Shumway et al.
vs.
Shumway,

*The counsel for the appellant* then contended, That the select men and civil authority ought to have given reasonable notice to the appellant before making the inquisition, and that they should have returned to the judge of probate what notice had been given, and that the judge also should have summoned the appellant to appear before him, that the doings of the select men and civil authority might have been examined ; and consequently, from the face of the proceedings, all was void.

*The counsel for the appellees* contended, That the selectmen and civil authority were made the judges of the ability of the appellant, whether he was capable of taking care of himself, and of the notice to be given ; that it could be no benefit to an *idiot* or distracted person to give them notice ; and that their proceedings, when returned to the court of probate, were conclusive, and the judge was not to have any hearing before him ; but on the return of the inquisition, was to assign a guardian without any further proceedings ; and that this court could not re-examine the doings of the court of probate.

TURNER, J. delivered the opinion of the Court.—This case presents three questions for the consideration and decision of the Court. 1st. Is the cause appealable ? 2d. Is there error upon the face of the record ? 3d. Is the inquisition traversable ?

1. We have already overruled the motion to dismiss. The *statute (p. 333, sec. 7th,)* gives the appeal in clear and explicit terms ; and we think it is dictated in wisdom. It is a well settled principle, that nothing is to be presumed in favor of the jurisdiction of courts of special and limited jurisdiction, and more especially of final jurisdiction. In *England* the common law courts have the superintendency over those courts, to keep them within their jurisdictions, to determine when they exceed them, and to restrain and prohibit such excess. The common law has reserved to itself the exposition of all such acts as concern either the extent of those courts, or the matters pending before them. If they refuse to allow the acts of parliament, or will expound them in any other sense than the common law puts upon them, the courts of *Westminster* will grant prohibition to restrain and control them. An appeal lies from all those courts.—1 *Bla. Com.* 84.—It would be dangerous in the extreme to give courts of probate (which can have no jury,) final jurisdiction of causes of such vast importance as it respects the liberty and happiness of our citizens.

2. Is there error upon the face of the record ? We consider

BENNINGTON
February,
1829.

Shumway et al.
vs.
Shumway.

the duty of a judge of probate under our statute to be very plain and easy. When application is made to him for a commission of lunacy, accompanied with affidavit, he should issue it with directions on the same for notifying the pretended lunatic. The select men and civil authority are then to notify agreeably to directions, and make inquisition ; after which they are to make return to the judge of probate of all their doings ; who is then to give the supposed lunatic reasonable notice of time and place, and a full hearing before him ; and if upon such full hearing he is satisfied the case requires it, he is to assign a guardian ; but must give opportunity and grant an appeal if requested.

We find in *England* that when application is made to the chancellor for a commission of lunacy, and that accompanied by affidavit evincing the lunacy of the party, a commission is issued under the great seal, and the commissioners named. Upon notice to them they issue a warrant to the sheriff, directing him to summon a jury and witnesses to attend the trial ; and the commissioners explain the business to them : the supposed lunatic to be notified and present if he chooses, and if necessary, is examined, and the jury sign the inquisition. On the following day, the inquisition is engrossed on parchment and signed by the commissioners and jury, and, within a month, returned into chancery.— 2 *Maddock's, Chan.* 728–9.

The statute of *Massachusetts* is very similar to ours, except it does not direct notice to be given. But we find in the case of *Chase* vs. *Hathaway*, the Supreme Court reversed a decree of the court of probate, because the judge did not notify the person before appointing a guardian. The court said that " whether notice by the commissioners was essential or not, we are clear that it ought to be given before the adjudication in the probate court, and, without it, such adjudication is null and void." As the appellant was not notified by the judge of probate, and had no opportunity of a hearing before him, the proceedings were irregular, and we are satisfied there is error on the face of the record, and that all is null and void.

3. Is the inquisition traversable ?—It would seem that the act of 1827, ( *p*. 11, *sec*. 4 ) had put the question at rest. It is there enacted " that in all cases, now or hereafter pending before the Supreme Court by appeal from any order, sentence, decree or denial, of any probate court, said Supreme Court may, on application of either party, in the discretion of said court, cause to be tried by jury, in the county court, any issue of fact, formed between the parties in such case." We find, from an examination of the authorities, that the inquisition is only presumptive evidence of

BENNINGTON
February,
1829.

Shumway et al.
vs.
Shumway.

lunacy or insanity, and that a traverse of it is a right by law, and may be sent to a court of common law to be tried by a jury. And if there is any misbehavior in the execution of the inquisition, it will be examined into, and if the court see cause, they will quash it, and direct a new commission.

The foregoing principles are clearly established in *Maddock's Chancery, p.* 729, 731, 737–8 ; also in 3 *Atkins, p.* 184, and 1 *Vesey, Jun.* 455. We are fully satisfied, from a view of the *British* authorities, that the aforementioned statute was made in view of them, intending to give to our citizens as much security for their liberty and property, as are enjoyed by the subjects of *Great Britain.* The right of trial by jury is too well secured to have any one arbitrarily deprived of a privilege so dear to every American citizen. Our independence cost too much to have our liberty and property wrested from us, and we put under guardianship without even the form of a trial. Should we sanction these proceedings, no one in the evening of life could dwell secure, but would tremble at the approach of any one that entered his door, lest he was then to be called to surrender all that would render life desirable.

Decree reversed.

*Langdon*, for appellant,
*Smith*, for appellees.