MESSERSMITH, Defendant in Error, v. MESSERSMITH AND OTHERS, Plaintiffs in Error.

1. A court of equity never lends its aid to enforce a forfeiture.
2. Where there is a breach of an express condition in a deed, the remedy of the grantor is by an entry and a suit at law, if necessary, to recover the possession; and the remedy of the grantee, or his heirs, is by a suit in equity to be relieved against the forfeiture upon making a just compensation, if a proper case for equitable relief exists, or perhaps by setting up this matter as a defence when sued at law for the possession.

3. A mother conveyed land to her son, upon an express condition inserted in the deed, that he should provide for her maintenance during her natural life. The son having maintained his mother many years, died without making any express provision for her by will or otherwise, but leaving ample means for her maintenance, which his representatives offered to apply to that purpose; *held*, that if there was any breach of the condition, it was a proper case for equitable relief against a forfeiture.

### *Error to Cole Circuit Court.*

Petition by Elizabeth Messersmith, the grantor, against the heirs of Hiram Messersmith, the grantee, praying the annulment of a deed and the restoration of the land conveyed, for the non-performance of a condition inserted in the deed.

The petition stated that the plaintiff, in 1836, executed and delivered to her son Hiram, a deed for certain land, which was subject to a condition therein written, that the said Hiram should provide for her a good and sufficient maintenance during her natural life; and if he should at any time refuse or fail to provide the said maintenance, then said deed was to be void and of no effect, and in that event the plaintiff reserved to herself the right to re-enter and take possession of the land; that said Hiram took possession of the land, and continued in possession until his death in 1852; and that he died intestate, without making any provision for her support and maintenance during the remainder of her life.

Judgment by default was rendered against the adult defendants, and a guardian *ad litem* was appointed for the minors, who filed an answer, setting up, among other things, that the grantee, during his life, had performed all things required of him by the condition of the deed, and that his administrator, since his death, was willing and had offered to perform the condition, but that the plaintiff had refused to permit him to do so. The answer also prayed compensation for the maintenance of the plaintiff by Hiram Messersmith during his life, and for improvements made by him on the land, in case the deed should be annulled and the title of the heirs divested. The administrator of Hiram Messersmith also filed an answer set-

ting up the same matters.   Both of these answers were stricken out on motion, and a final judgment was entered, vesting the title to the land in the plaintiff.   The defendant brought the case here by writ of error.

*M. M. Parsons,* for plaintiff in error.   1.  The Circuit Court erred in striking out the answers.  They contained both a legal and an equitable defence to the action.   ( 2 Verm. 366 ; 2 Story, 24 ; 5 Georgia, 341.)   2.  The right to perform the conditions of the deed descended to the heirs and legal representatives of the deceased, whose rights were not defeated by the death of their ancestor.   ( 2 Cruise's Dig. 28–32 ; 4 Kent, 130.)   3.  There was no breach of the condition of the deed. ( 2 Cruise's Dig. 28-32 ; 24 Wend. 146 ; 4 Cushing, 184 ; 1 Hilliard on Real Property, 367, 380 ; 4 Kent, 134.)   4.  The court had no power to render judgment against the infants. After the answer by their guardian was stricken out, they were no longer before the court.

*Gardenhire, Morrow* and *Edwards,* for defendant in error.   1.  The condition having been broken, the grantor had a right to re-enter.   (1 Bacon's Abridg. tit. condition, 632 ; 2 Flintoff on Real Property, 228–9 ; 1 Reeves' Eng. Law, 294 ; 3 Reeves' Eng. Law, 337 ; 5 Viner's Abridg. 41, (A. 2) ; 1 Preston on Estates, 48 ; 5 Pick. Rep. 528 ; 3 Harr. & McH. Rep. 182 ; 5 Ohio Rep. 387 ; 2 Plowden Rep. 412 ; 8 Blackf. 138 ; 4 Kent's Comm. (8th ed.) 130.)   2.  The grantee having died without performing the condition, the right to perform it is not transmitted to his heir.   (2 Greenleaf's Cruise, 28.) 3.  A part performance of a condition subsequent is no bar to the right of re-entry.   (7 Watts, 144 ; 7 Greenl. 225 ; 2 Fairf. 235 ; Gill's Rep. 395.)   4.  The answer of the infant defendants was properly stricken out ; for, if every part of it had been proved, it could not have defeated this action.

LEONARD, Judge, delivered the opinion of the court.

Without stopping to remark upon the irregularity, occurring in the proceeding, of giving judgment against infants by

default, for want of an answer, we proceed at once to dispose of the case upon its merits. Here is an estate in land subject to be divested upon the non-performance of an express condition mentioned in the deed, that "the grantee should provide for the grantor a good and sufficient maintenance during her natural life;" and the grantee having died intestate without making any provision for her support, she asks the court in the exercise of its equitable jurisdiction to enforce the penalty by directing the deed to be cancelled and the land to be restored to her. The answer to this is, that a court of equity never lends its aid to enforce forfeiture under any circumstances; (Livingston v. Tompkins, 4 Johns. Chan. Rep. 415;) and as we can not consider this a proceeding at law to recover the possession of the land upon the legal title that would have reverted to the plaintiff upon an entry for the breach of the condition, the judgment must be reversed and the petition dismissed.

In order however that the matter may be properly and finally settled between the parties, in any future proceeding that may be instituted for that purpose, we remark, that for any breach of the condition, the remedy of the grantor is in her own hands, by an entry and a suit at law, if necessary, to recover the possession; and the remedy of the heirs is by a suit of equity to be relieved against the forfeiture, upon making a just compensation, or perhaps, by setting up this matter as a defence, when sued at law for the possession upon a breach of the condition. But, however this may be, the party will, in one way or the other, be relieved against the forfeiture incurred by the breach of a condition, if a proper case for equitable relief exist. In an early case, Peaety v. Somerset, 1 Strange, 447, it is said: "The true ground of relief against penalties is from the original intent of the case, and the court gives him all that he expected or desired; it is the recompense that gives the court a handle to grant relief." In other words, the ground of equitable interference is, that we ought to presume the object of entering into the contract was its fulfilment, and not an infliction of an injury on one side, nor the acquisition of a

collateral advantage on the other ; and that when this object is frustrated, the intention of the parties will be best carried out by substituting an equivalent in its stead, and not by enforcing a recovery which is excessive in value and different in nature ; and relief, we believe, is never denied, where the breach is accidental and without fault, and admits of compensation. (Livingston v. Tompkins, above cited ; Popham v. Barnfield, 1 Vern. 89 ; Carey v. Bertie, 2 Verm. 339. )

If a breach of the condition has been incurred here, merely by the grantee's dying without making any provision by will for the support of his mother, although leaving ample means for that purpose, which his representatives have offered to apply accordingly, and which she declines receiving, (which we are not now called upon to determine,) it is very clear that it should not be imputed to the fault of the party, and that equity would compel the party to accept a compensation in lieu of the forfeiture.

Judge Ryland concurring ; the judgment is reversed and the petition is dismissed.