TERRITORY EX REL. McCANN, appellant, *v.* SHERIFF OF GALLATIN COUNTY, respondent.

INSANE PERSONS—*Inquisition — Defects in — Habeas corpus.*—Where, on a hearing upon the return to a writ of *habeas corpus* for the discharge of a person adjudged insane, it appears that the jury who examined the relator failed to certify upon oath that the charge was correct, and that only two jurors, qualified to do so, signed the verdict, he will be discharged from custody.

SAME — *Constitutional law — General laws Montana, fifth division, section 711; act of March 7, 1883.* — General Laws Montana, fifth division, section 711, providing for the examination and commitment and custody of persons charged and found insane, though imperfect in its protective requirements, is not unconstitutional. But in cases of such summary proceedings the law is mandatory, and every step provided must be strictly pursued.

*Appeal from First District, Gallatin County.*

HABEAS CORPUS.

GEORGE HALDORN, for appellant and petitioner.

No appearance for the respondent.

GALBRAITH, J.   This is an appeal from an order of the judge of the first judicial district, made at chambers, remanding the appellant to the custody of the respondent, after a hearing upon a return to a writ of *habeas corpus*. The relator was held by the sheriff, by virtue of a warrant of commitment, issued out of the probate court of Gallatin county to the said sheriff, ordering him to be confined in the asylum for the insane, at Warm Springs, Montana territory.   The statute under which the probate court proceeded, and by virtue of which the commitment was issued, is as follows: "From and after the passage of this article, it shall be the duty of the probate judge, or, in his absence or inability to act, the chairmen of the boards of county commissioners of the several counties of this territory, upon the application of any person, under oath, setting forth that any person, by reason of insanity, is unsafe to be at large, or is suffering under mental derangement, to cause the said person to be brought before him, at such time and place as he may direct; and the said judge or commissioner shall also cause to appear, at said time and place, a jury of three citizens of his county, one of whom shall be a licensed practicing physician, who shall proceed to examine the person alleged to be insane; and if such jury, after careful examination, shall certify, upon oath, that the charge is correct, and the said probate judge or commissioner is satisfied that such person, by reason of insanity, is unsafe to be at large, and is incompetent to provide for his or her own proper care or support, and has no property applicable to such purpose, and has no kindred in the degree of husband or wife, father or mother, children, or brother or sister, living within this territory, of sufficient means and ability to provide for such care and maintenance, or if he or she have such kindred within the territory, and such kindred fail or refuse to properly care for and maintain such insane per-

son, such judge or county commissioner shall make out duplicate warrants, reciting such facts, and place them in the hands of the sheriff of such county, who shall immediately, in compliance therewith, convey the person or persons therein named, and deliver him, her or them to the contractor aforesaid, at the place designated in the notification herein required; and such contractor shall acknowledge, by indorsement in writing, upon the back of each of said warrants, the delivery of such person described therein, to him, and the date thereof; and such sheriff shall return one of said warrants to the officer issuing the same, and forward the other to the secretary of the board of county commissioners aforesaid, who shall file and preserve the same."

It will be observed that this law does not make any provision for the time within which any of its provisions may be had. From the time of the application to the delivery of the warrant of commitment to the sheriff,—from the time of the commencement of the proceedings to their close,—the time within which any of them may be done is not mentioned. All the penalties of the law may be complied with in a day, or even an hour. Under this statute no opportunity may be allowed for the person against whom the charge of insanity is made to obtain counsel or prepare for trial; but although this law does not seem to be in harmony with the spirit of our institutions and our other laws, which erect such substantial safeguards around the liberty of the citizen, nevertheless, we do not see that it is objectionable on the ground of unconstitutionality. But, providing as it does, for such summary proceedings, we must hold that it was the intention of the legislature that they should be strictly pursued,—that there should be a strict compliance with every requirement of the law. In a law providing for proceedings of this summary character, its requirements are mandatory. On examination of the record, we find that such is not the case. The proceedings are defective in several substantial features. There is not the certificate of the jury, upon oath, which the law requires. The

statute requires that the jury summoned to try the question of insanity shall make their certificate upon oath that the charge is correct. The warrant does not, it is also true, recite all the facts required by the law to be set forth therein; such as that the person thereby committed "is incompetent to provide for his or her own proper care or support, and has no property applicable to such purpose, and has no kindred," etc. But this clause of the statute was virtually repealed by an act of the legislature, which became a law on March 7, 1883, providing " that all persons hereafter adjudged insane, whether indigent or not, shall be cared for by the territory," under its present contract for the care and maintenance of the indigent insane. Therefore, those facts need not appear in the warrant of commitment.

But not only does the record show that there was no such certificate of the jury upon oath as required by law, but also that the verdict, which was doubtless intended for such certificate, was not signed by the jurors summoned, although three persons signed the verdict. Only two of the jurors who were summoned, and whom the record shows to have been qualified persons, signed this verdict. For aught we know, the third person may not have been a citizen of the county, as the law requires, and therefore an incompetent person. For these reasons, the judge at chambers erred in refusing to discharge the respondent.

The judgment is reversed, and the respondent discharged.

WADE, C. J., and BACH, J., concur.