## IN RE KANE'S ESTATE.

[Submitted March 22, 1892.  Decided April 5, 1892.]

Insanity — *Appointment of guardian — Right of appeal.* — A person who has been adjudged incompetent to care for himself or to manage his property, may appeal in his own name from an order appointing a guardian of his person and estate.

Same — *Appealable order.* — An order appointing a guardian of the person and estate of an incompetent person is an appealable order. (*In re McFarland's Estate,* 10 Mont. 445; *In re Dewar's Estate,* 10 Mont. 422, cited.)

Same — *Right of appeal — Pendency of another proceeding.* — The right of a person, mentally incompetent, to appeal from an order appointing a guardian of his person and estate is not affected by the pendency of a proceeding to have the fact of his restoration to capacity judicially determined.

Same — *Clerks of District Courts — Act of March 6,* 1891, *construed.* — The Act of March 6, 1891, conferring on clerks of the District Courts the power in vacation to grant letters of guardianship, where no protests or objections are filed thereto, cannot be construed to clothe the clerk of a District Court with authority to hear evidence and adjudicate a person mentally incompetent to care for himself or to manage his property, as such authority would involve the exercise of judicial power, which, under the Constitution and law of the State, is vested in such cases in the judge of the District Court.

Same — *Statutory construction.* — The statute concerning the insane must receive a strict construction and its requirements are mandatory. (*Territory ex rel. McCann* v. *Sheriff of Gallatin County,* 6 Mont. 297, cited.)

*Appeal from Sixth Judicial District, Meagher County.*

Probate proceeding. Appeal by William Kane from an order appointing a guardian of his person and estate, made by the clerk of the District Court under the Act of March 6, 1891, conferring additional powers on clerks of District Courts in vacation.

*Thompson & Maddox,* for Appellant.

The authority of the clerk in this matter is claimed by the respondent to exist under and by virtue of the Act of March 6, 1891, Laws of 1891, page 219. Appellant insists: (1) That the granting of the power to district clerks to hear and act upon petitions of this nature was not within the mind of the legislature which passed the act; and (2) that if the guardianship of incompetent persons is within the intention of the statute it is void, being in conflict with the Constitution (art. viii. § 1) in that it confers judicial powers upon a ministerial officer. The filing and approval of final accounts, the making of orders for the sale of real estate, and many other matters are not placed

within the jurisdiction thus attempted to be conferred on the clerk, evidently because being judicial questions involving the hearing of evidence and passing upon it, they ought not to be entrusted to the judgment of a ministerial officer. If this view be the correct one, with what consistency should a matter involving the personal liberty and right of control of the property of a citizen be entrusted to this officer? The act purports to authorize the clerk to act only when there is no opposition, that is, where practically the matter is by the consent of the parties interested. The probate of a will without objection, the appointment of an administrator without objection, and the appointment of a guardian for an infant are all matters involving much less discretion than this. In each of these cases the law presumes that a trustee is required to care for an estate or to take charge of a person presumed to be incompetent, and the order may be made upon a sworn petition without other evidence. But in the case of an adult, the presumption is that he is competent to care for himself and his property, and before a guardian can be appointed there must be a trial and judgment determining his incompetency. Though the power of a clerk to act in the case at bar may be within the very general language of the statute, we insist that the statute as a whole shows that it was not within the intent of the legislature. "A thing which is within the intention of the makers of a statute is as much within the statute as if it were within the letter; and a thing within the letter of the statute is not within the statute unless it be within the intention of the makers." (*Riggs* v. *Palmer*, 115 N. Y. 506; 12 Am. St. Rep. 819, and note.) In this connection it is to be observed that the petition for appointment is addressed to the judge by name, and not to the clerk. There was, therefore, no application to the clerk, nothing upon which he could act, even if he had jurisdiction. If the statute empowers the clerk to hear and adjudge a proceeding of this nature is unconstitutional. The clerk is a ministerial officer and cannot exercise judicial functions. (*Gregory* v. *State*, 94 Ind. 384; 48 Am. Rep. 162; *Schoultz* v. *McPheeters*, 79 Ind. 373; 1 Bouvier's Law Dictionary, 323; *Kelly* v. *Van Austin*, 17 Cal. 565; *Willson* v. *Cleaveland*, 30 Cal. 198; *Hughes* v. *Streeter*, 24 Ill. 647;

76 Am. Dec. 778; *Flournoy* v. *City of Jeffersonville*, 17 Ind. 169; 79 Am. Dec. 471, and note; *Palmer* v. *McMaster*, 8 Mont. 193; *Milwaukee Ind. School* v. *Supervisors*, 40 Wis. 323; 22 Am. Rep. 706; *Underwood* v. *McDuffee*, 15 Mich. 361; 93 Am. Dec. 196; *Stearns* v. *Eguirre*, 7 Cal. 443; *Glidden* v. *Packard*, 28 Cal. 652; *Sperling* v. *Calfee*, 7 Mont. 518, 525, 526.) The clerk is not the court. The Constitution vests probate jurisdiction in the court solely, that is, in the court in session. (Const. art. viii. § 11; 1 Bouvier's Law Dictionary, 413.)

*Waterman & Callaway*, for Respondent.

William Kane, the nominal appellant, is still under guardianship and has not the capacity to appeal. He does not appeal by his next friend, or by a guardian appointed for the purpose. The appeal consequently cannot be entertained by this court. Appellant's remedy is plainly prescribed in section 366 of the Probate Practice Act, Compiled Statutes, allowing him to petition the District Court of the county in which he was declared insane, to have the fact of his restoration to capacity judicially determined. The remedy is a statutory one and must be strictly pursued. If one chooses to ignore it and appeals to the higher court without having traversed or in any other way opposed the proceedings below, the higher court will not find itself in a position to take cognizance of the appeal. (*In re Weaver*, 116 Pa. St. 225.) An appeal not within the appellate jurisdiction of the court will be dismissed. So an appeal from a non-appealable judgment or order. (Hayne on New Trial and Appeal, § 272.) In this case, however, there is now pending in the District Court a petition for Kane's restoration to capacity, upon which no hearing has as yet been had. We know of nothing in the Constitution prohibiting the legislature from conferring judicial powers upon the clerk in vacation. Granting, however, that the clerk is simply a ministerial officer, section 2 of the Act of March 6, 1891, Laws of Montana, page 219, provides that "any act of the clerks, as contemplated in section 1 of this act, shall be binding on all parties interested therein until the next term of the court after which they are entered of record, when they shall be read in open court and approved, set aside

or modified, but until so set aside or modified, it shall have the same force and effect as if done by the court." The act simply makes the proceedings enumerated in section 1 the inchoate acts of the court, which will be complete upon approval. When the court approved the appointment of D. Driscoll, made on April 26, 1891, it became the appointment of the court. The clerk grants default judgments in vacation. The court ratifies them. It is necessary that it should be so. The powers granted to the clerk under section 1 of the act in question come under the same necessity.

BLAKE, C. J.—The following petition was filed April 15, 1891, in the District Court of the Sixth Judicial District of the State for Meagher County : —

"*To the Hon. Frank Henry, Judge of the Sixth Judicial District Court, in and for Meagher County, State of Montana:* The petition of D. Driscoll, of said county and State of Montana, respectfully shows that he is a friend of William Kane, a resident of said county of Meagher. That the said William Kane is the owner of, possessed of, and entitled to the possession of, that certain real estate. [Description.] Your petitioner would further represent that the said William Kane is a man about sixty years of age, and of dissolute habits, and, as your petitioner is informed and verily believes, is habitually under the influence of intoxicating liquors, and is in the habit of using opiates, by reason of which his mind has become greatly impaired, and is therefore mentally incompetent to exercise control over or to manage either his own property or that of his brother, Robert C. Kane, for whom he is acting attorney. Wherefore, your petitioner prays that after due legal procedure had in the premises, your honor appoint a guardian of the person and estate of the said William Kane."

The clerk of the court upon the same day made an order that the case be heard upon the twenty-first day of April, 1891, in the court-room of the court-house of the county. The notice of the hearing was served by the sheriff upon Kane. At the time and place which had been appointed, Driscoll was represented by his attorney, and Kane was unable to appear by reason of illness. The following order was then made : —

"And after a full hearing and examination upon said petition, it duly appearing to said clerk that the said William Kane is incapable of taking care of himself and managing his property, and that it is necessary that some competent and suitable person should be appointed guardian of his person and estate; and that D. Driscoll is a fit and proper person to have care and custody of the said William Kane, and the management of his property; and the said D. Driscoll consenting: It is hereby ordered that the said D. Driscoll be, and he is hereby, appointed the guardian of the person and estate of the said William Kane, and that letters of guardianship be issued to him upon his giving a bond to the said William Kane, with sufficient sureties, to be aproved by the said clerk, in the penal sum of one thousand dollars, conditioned that he shall faithfully execute the duties of his trust according to law; and upon his taking and subscribing an oath that he will perform the duties of his office as such guardian according to law.                    B. W. Badger, Clerk.

"Dated at White Sulphur Springs, April 21, A. D. 1891."

Afterwards Driscoll executed his bond, and took the oath, according to law, and another order was made: —

"State of Montana, ⎱ ss.
County of Meagher. ⎰

"D. Driscoll is hereby appointed guardian of the person and estate of William Kane, an incompetent person.

"Witness:                              B. W. Badger,

"Clerk of the District Court of Meagher County, Montana, with the seal of the court affixed the seventh day of May, 1891.

[seal.]                    "By order of the court.
                              "B. W. Badger, Clerk."

Kane has appealed to this court in his own name.

Driscoll, as the guardian, moves to dismiss this appeal upon these grounds: That Kane is a person who is dead in law, and cannot sue or be sued, and is therefore incompetent to appeal; that the order complained of is not appealable; that the statutory remedy of Kane is under section 366 of the Probate Practice Act, and that an action is pending in the said court for the revocation of the order appointing Driscoll to be the guardian.

Kane is an aggrieved party, and has the right to appeal in his own name. (*Shumway* v. *Shumway*, 2 Vt. 339; *Angell* v. *Probate Court*, 11 R. I. 187; *Cuneo* v. *Bessoni*, 63 Ind. 524; *Allis* v. *Morton*, 4 Gray, 63.) In the last case the appellant was insane, and an inmate of an asylum, and appealed from a decree of the probate judge appointing the respondents his guardians in lieu of a former guardian, who had deceased. The order is appealable. (*In re McFarland's Estate*, 10 Mont. 445; *In re Dewar's Estate*, 10 Mont. 422.)

The Probate Practice Act allows an insane person to apply, by a petition, to the District Court, "to have the fact of his restoration to capacity judicially determined." (§ 366.) The appellant has availed himself of this statutory privilege, and the matter is pending; but this does not affect in any way his right to appeal from the original order which is now before us. The motion to dismiss the appeal must be denied.

The first proceedings were had in vacation under the following provisions of the Probate Practice Act: "When it is represented to the probate [district] judge, upon verified petition of any relative or friend, that any person is insane, or from any cause mentally incompetent to manage his property, the judge must cause a notice to be given to the supposed incompetent person of the time and place of hearing the case, not less than five days before the time so appointed, and such person, if able to attend, must be produced before him on the hearing." (§ 364.) "If, after a full hearing and examination upon such petition, it appears to the probate [district] judge that the person in question is incapable of taking care of himself and managing his property, he must appoint a guardian of his person and estate, with the powers and duties in this chapter specified." (§ 365.) The legislative assembly of the State, by an act approved March 6, 1891, conferred upon the clerks of the District Courts the power, in vacation, to file petitions for guardianship and grant letters of guardianship "where no protests or objections are made or filed thereto." (2d Sess. Stats. p. 219, § 1.) The second section is as follows: "Any act of the clerks, as contemplated in section 1 of this act, shall be binding on all parties interested therein until the next term of the court after they are entered of record, when they shall be read in open

court, and approved, set aside, or modified; but until so set aside or modified it shall have the same force and effect as if done by the court."

The transcript does not show that any of the acts of the clerk of the court below were ever read in open court, approved, set aside, or modified under the provisions of this statute. We do not think that the legislative assembly intended by this language to clothe the clerk of the District Court with the authority to hear evidence and determine that the person "is incapable of taking care of himself and of managing his property." This involves the exercise of judicial functions which must precede the appointment of a guardian. The express limitation of the action of the clerk to matters where there are no protests or objections demonstrates that there was no intention to give judicial powers to this officer. The statute concerning the insane must receive a strict construction, and its requirements are mandatory. (*Territory v. Sheriff*, 6 Mont. 297.) No judicial power of this grave character has been vested in the clerk of the District Court, and the judge thereof has the sole power, under the Constitution and laws of the State, of granting or refusing a petition like that of Driscoll. (Const. art. viii. §§ 1, 11, 18.) The adjudication of the clerk thereon is a nullity.

It is therefore adjudged that the order appealed from be reversed, and that the case be remanded for further proceedings.

*Reversed.*

HARWOOD, J., and DE WITT, J., concur.

