MOBERLY, Appellant, v. CITY OF TRENTON.

**Division One, May 25, 1904.**

1. **PLEADING: Character of Suit.** The character of the suit, whether one at law or one in equity, can not be determined by any characterization given it by the pleader, such as "a suit to remove a cloud upon plaintiff's title:" Whether the suit is one in equity or one at law must be determined by the statements in the petition. A deed which conveys a valid title subject to a condition subsequent can not be treated as a cloud on a title; it is substance, not shadow—a title, not a cloud.

2. ——: ——: **Equity: Forfeiture.** A court of equity never declares a forfeiture; when it interferes at all in a case of forfeiture it is only to relieve against it, never to aid it.

3. ——: ——: **Forfeiture: Suit at Law.** Where the object of the suit is to have forfeited a grant of certain land to a city to

be used as a park, on the ground that it was given on an express condition subsequent that it was to be so used, the suit is one at law. A court of equity in such case can not enforce a forfeiture, whatever the evidence may be.

4. **APPELLATE PRACTICE: Suit at Law: Conflicting Evidence.** In a suit at law, in the trial of which no instructions were asked by either side and no exceptions were saved to any ruling of the court, the evidence being conflicting, the judgment will be affirmed.

5. ————: **Separate Finding of Facts.** A request for a separate finding of facts distinct from the conclusions of law reached, made after judgment rendered and the motion for a new trial overruled, comes too late.

Appeal from Grundy Circuit Court.—*Hon. J. W. Peery,* Special Judge.

AFFIRMED.

*Hall & Hall* for appellant.

(1)   The sole consideration of the conveyance from appellant and her husband of the land in controversy was the condition that the town, now city of Trenton, should improve and forever use said lands as a public park, which should bear the names of the donors.   This deed unquestionably created an express condition subsequent, and the title to the property vested and remained in the city only so long as it continued to improve and forever use it as a public park, and when it ceased to do so, the title reverted to the donors, devisees or their assigns.   2 Devlin on Deeds (2 Ed.), secs. 958, 964; 2 Washburn on Real Property (4 Ed.), secs. 2, 3; Tiedeman on Real Property, secs. 271, 272, 273, 277, 863; Scoville v. McMahon, 62 Conn. 378, 36 Amer. St. 350; Cross v. Carson, 8 Black. 138, 44 Amer. Dec. 742; Farnham v. Thompson, 34 Minn. 331, 57 Amer. 59; Langley v. Chapin, 134 Mass. 82; Ecroyd v. Coggeshall, 21 R. I. 1, 41 Atl. 260; 79 Amer. S. 741; Baker v. St. Louis, 7 Mo. App. 429, 75 Mo. 671; Messersmith v. Messersmith,

22 Mo. 372; Clark v. Brookfield, 81 Mo. 503; Cummings v. St. Louis, 90 Mo. 261; Ellis v. Kyger, 90 Mo. 605; O'Brien v. Wagner, 94 Mo. 96; Historical Society v. Academy of Science, 94 Mo. 459; Avery v. Railroad, 113 Mo. 561; Stoddard v. Wells, 120 Mo. 29; Weinreich v. Weinreich, 18 Mo. App. 370; Campbell v. Kansas City, 102 Mo. 326; Railroad v. Frowein, 163 Mo. 17; 6 Am. and Eng. Ency. Law (2 Ed.), 503; Hand v. St. Louis, 158 Mo. 209; Thomas v. Record, 47 Me. 500, 74 Amer. Dec. 500; Raley v. Umatilla County, 15 Ore. 172, 3 Amer. S. 142; Blanchard v. Railroad, 31 Mich. 43, 18 Amer. 148; Mott v. Danville Seminary, 129 Ill. 415.    (2) The condition in the Moberly deed being express, it was not necessary that the right of entry should be expressly reserved.   It follows as a necessary incident to the condition and passes with the land, into whosoever hands it may come.   Ruddick v. Railroad, 116 Mo. 31; Tiedeman on Real Property, secs. 277, 863; 2 Washburn on Real Property (4 Ed.), sec. 15; Farnham v. Thompson, 24 Minn. 38, 57 Amer. 66; Rawson v. School District No. 5, 7 Allen 125; 83 Amer. Dec. 670; Hubbard v. Railroad, 63 Mo. 68; Trustees v. New York, 173 N. Y. 38, 65 N. E. 855.   A grant may be on condition subsequent where no express words are used.   Gratz v. Railroad, 165 Mo. 218.   (3)   Where the grantee or donee abandons all use of the property which was in any way beneficial to the donor or grantor or to his assigns, and the consideration for the conveyance or donation has ceased, and the limitation upon which the defendant obtained the use of the estate has ceased, then there was a legal abandonment.   Campbell v. Kansas City, 102 Mo. 326; Railroad v. Frowein, 163 Mo. 19.   (4) While ejectment is the proper remedy for condition broken, an action in equity will lie to remove the cloud upon appellant's title, and may be joined in a separate count of the same petition.   Moore v. Wingate, 53 Mo. 411; Ridgeway v. Herbert, 150 Mo. 619; Boothe v. Lay, 83 Mo. App. 601; R. S. 1899, sec. 593.

*O. G. Williams* and *O. G. Bain & Son* for respondent.

(1) The language of this deed does not create a condition subsequent. Stillwell v. Railroad, 39 Mo. App. 221; Stoddard v. Wells, 120 Mo. 25; Anderson v. Gains, 156 Mo. 664; Hand v. St. Louis, 158 Mo. 204. The mere use of the words "upon condition," and like expressions, does not necessarily create an estate upon condition. 1 Jones on Real Prop. & Convey., secs. 641-642; Stillwell v. Railroad, 39 Mo. App. 221; Green v. O'Conner, 19 L. R. A. 262; Neely v. Haskins, 84 Me. 386; Stanley v. Colt, 72 U. S. (5 Wall.) 119; Sohie v. Trinity Church, 109 Mass. 1; Episcopal City, etc., v. Appelton, 117 Mass. 329; Avery v. Railroad, 12 N. E. 619; Post v. Weil, 22 N. E. 145, 12 Am. St. Rep.; Graves v. Deterling, 120 N. Y. 447, 24 N. E. 655; Paschall v. Passmore, 15 Pa. St. 295; Bacon v. Huntington, 14 Conn. 92; Worman v. Teagarten, 2 Ohio St. 380; Farnham v. Thompson, 57 Am. 59; Stillwell v. Kanapper, 35 Am. 240; Mills v. Davidson, 35 L. R. A. 113; Killpatrick v. Baltimore, 27 L. R. A. 643. Conditions subsequent in deeds are not favored in law and when relied on to work a forfeiture must be created in express terms or by clear implication. They will in no case be enforced if the words can be given any other reasonable construction. 2 Devlin on Deeds, 970, and notes 4 and 5; 1 Jones on Real Prop. and Conv., sec. 632; 4 Kent Com. (10 Ed.), 150; Tiedeman on Real Property, 273; Stoddard v. Wells, 120 Mo. 25; McKelways v. Seymour, 29 N. J. L. 321; Morrill v. Railroad, 96 Mo. 174; Weinreich v. Weinreich, 18 Mo. App. 364; Higby v. Rodeman, 28 N. E. 442; Ludlow v. Railroad, 12 Barb. 440; Laberee v. Carleton, 53 Me. 211; Boon v. Clark, 129 Ill. 466, 21 N. E. 850; Lyon v. Hersly, 103 N. Y. 264, 8 N. E. 518; Morrifield v. Cobleigh, 4 Cush. 184; Hoyt v. Kimball, 49 N. H. 322. And whenever it is doubtful whether a condition subsequent is meant to be created, courts will con-

strue the instrument against such interpretation.  Rawson v. School District, 7 Allen 125, 83 Am. Dec. 670; Paschall v. Passmore, 15 Pa. St. (3 Harris) 295; Stillwell v. Railroad, 39 Mo. App. 221; Weinreich v. Weinreich, 18 Mo. App. 364; Morrill v. Railroad, 96 Mo. 174; Stoddard v. Wells, 120 Mo. 25; Roanoke Inv. v. Railroad, 108 Mo. 50.    (2) The conveyance from George W. Moberly and wife to the town of Trenton created a public trust.  2 Washburn on Real Property (4 Ed.), pp. 3-4; Sugden on Powers (7 Lond. Ed.), 123; 1 Jonse on Real Property and Conv., secs. 649, 650; Anderson v. Gains, 156 Mo. 664; Hand v. St. Louis, 158 Mo. 204; Weinrich v. Weinrich, 18 Mo. App. 372; Neely v. Haskins, 84 Me. 386, 24 Atl. 882; Rawson v. School Dist., 7 Allen 125, 83 Am. Dec. 670; Packard v. Ames, 16 Gray 327; Sohier v. Trinity Church, 109 Mass. 19; Horner v. Railroad, 38 Wis. 175; Espiscopal City v. Appleton, 117 Mass. 329; Green v. O'Connor, 19 L. R. A. 262; Mills v. Davidson, 35 L. R. A. 113; Stanley v. Colt, 5 Wall. 166, 72 U. S. 119.  And if a breach of trust has occurred the proper remedy is to compel a continued observance of the use and not a forfeiture of the trust property.    2 Dillon on Mun. Corp. (4 Ed.), sec. 653; Rutherford v. Taylor, 38 Mo. 315; Good v. St. Louis, 113 Mo. 257; Hand v. St. Louis, 158 Mo. 204; Barclay v. Howell's Lessee, 6 Pet. 498; Coffin v. Portland, 27 Fed. 412, 17 Pac. 580; Cummings v. St. Louis, 90 Mo. 259. (3) Even if plaintiff were able to show that this deed created a condition subsequent, and in addition that it had been sufficiently violated to work a forfeiture, yet the right to re-enter and declare a forfeiture of a condition subsequent can only be exercised by the grantor and his heirs.  6 Am. and Eng. Ency. Law (2 Ed.), 506; 2 Washburn on Real Property (4 Ed.), p. 13; 4 Kent Com., 56-126; 2 Devlin on Deeds, 969; Moore v. Wingate, 53 Mo. 398; Jones v. Railroad, 79 Mo. 92; Towne v. Bowers, 81 Mo. 497; Clark v. Brookfield, 81

Mo. 503; Ellis v. Keiger, 90 Mo. 600; Obnin v. Wagner, 94 Mo. 93; Missouri Historical Society v. Academy of Science, 94 Mo. 459; Nicoll v. Railroad, 12 N. Y. 121; Upington v. Corrigan, 37 L. R. A. 794, 151 N. Y. 143; Schullingburg v. Harriman, 21 Wall. 63. Plaintiff, being the wife of George W. Moberly, and suing neither as a grantor nor as an heir, but merely as a residuary legatee, can not maintain this suit. Trustees v. Venable, 159 Ill. 215, 42 N. E. 836; Copeland v. Copeland, 89 Ind. 29; Jones v. Railroad, 79 Mo. 92; Moore v. Wingate, 53 Mo. 411; Den ex-dem Southard v. Railroad, 26 N. J. L. 13. (4) After the city received the property under the deed and used and improved it as a park for eighteen years, up to the filing of this suit, and has complied with the spirit and purpose of the deed, a court of equity will not permit plaintiff to re-enter and declare a forfeiture. Higby v. Rodeman, 28 N. E. 443; Summer v. Darnell, 27 N. E. 162; Railroad v. Barbour, 89 Ind. 37; Heaston v. Board, 20 Ind. 398; Hunt v. Beeson, 18 Ind. 380. (5) Appellant in this case has no right to demand of the trial court a special finding of facts, for the reason that she did not file her motion for same before judgment was rendered. R. S. 1899, sec. 695; Butts v. Ruby, 85 Mo. App. 405; Hamilton v. Armstrong, 120 Mo. 597; Young v. Stephens, 66 Mo. App. 222; Leavitt v. Taylor, 63 S. W. 385; Kostube v. Miller, 137 Mo. 173; Bailey v. Emerson, 87 Mo. App. 225; Freman v. Hemmenway, 75 Mo. App. 621; Lowen v. Forsee, 137 Mo. 29.

VALLIANT, J.—The plaintiff sues to recover twenty acres of land in the city of Trenton which formerly belonged to her husband, George W. Moberly, now deceased, and which in 1882 he conveyed to the city by deed of gift for the purpose of making it a public park. The plaintiff, as wife, joined in the deed. Immediately following the granting clause in the deed is the following: "Upon condition that said town of Trenton shall improve and forever use said tract of land as a public

park.'' There were other requirements in the deed under that head which are not material to be now considered. Geo. W. Moberly died in 1886 leaving a will in which no mention was made of this land, but the plaintiff was made residuary legatee and devisee of all his estate not otherwise disposed of.

The petition is in two counts.

In the first count the plaintiff states that the defendant city has failed to perform the condition on which the deed to the city was made, in that it has failed to improve and use the land for a park and has abandoned it, and has allowed it to become not only unattractive as a public park, but a place of resort for people of bad character; that by reason thereof ''and by reason of the abandonment of said tract of land by this defendant, said deed and conveyance are no longer binding and of effect, and said tract of land has become and is forfeited to this plaintiff;'' that the plaintiff has given notice to the defendant city that the land has reverted and become forfeited to her as residuary devisee, and has demanded possession which has been refused; that under the circumstances the deed from her husband to the city has become a cloud on her title. The prayer is that she be given possession and fifty dollars damages, that the deed be cancelled as a cloud on her title, ''that said land be declared forfeited to this plaintiff, that all right, title and interest therein be vested in the plaintiff, and for all other proper orders, judgments and relief.''

The second count is in the form of an action in ejectment.

The answer is a general denial, and a plea that there is another suit by this plaintiff against this defendant now pending in the Supreme Court on appeal from the same circuit court on the same cause of action seeking the same relief as in this suit. Reply, general denial.

The cause was submitted to the court on the pleadings and proof, jury waived; there was a general finding

for the defendant on the issues of fact and a judgment accordingly, from which the plaintiff appeals.

On the trial the evidence for the plaintiff tended to sustain the allegations in the petition regarding the failure of the defendant to make suitable improvements on the premises to fit it for a park, and also to sustain the allegations that it had become unfitted and unused as a park and allowed to be used as a resort for improper characters. The evidence for the defendant tended to show the contrary. The evidence on the main issues of fact was conflicting. There were no instructions asked or given and no exceptions taken to any ruling of the court during the trial; at least our attention has not been called to any such exceptions in the assignment of errors. After the court had announced its finding and judgment and after the plaintiff's motion for a new trial had been overruled, the plaintiff requested the court to make a special finding of the facts distinct from the conclusions as to the law, but the court declined to do so on the ground that the request had not been made in due time.

The case is argued before us on the theory that the first count in the petition is a suit in equity, and therefore this court will review the evidence and reach its own conclusions as to the facts in issue.

In the brief for appellant the first count in the petition is referred to as a suit to remove a cloud from the plaintiff's title, and in the petition it said that the city having failed to perform the condition, its title was forfeited and the deed became a cloud on the plaintiff's title. But the pleader can not by calling it a name give character to the petition; it must be judged by its statements.

The deed is a perfectly valid conveyance of the title; in itself it is no mere cloud, it contains no inherent defect. What the plaintiff really claims is that the deed was a conveyance on a condition subsequent, and that the defendant has forfeited its title by failure to perform the condition. The object of the first count is to obtain a

decree declaring that the conveyance was on a condition subsequent which defendant has failed to perform and has therefore forfeited its title; the prayer is "that said land be declared forfeited to this plaintiff and that all right, title and interest be vested in this plaintiff." And in the brief of the learned counsel for appellant it is said: "This deed unquestionably created an express condition subsequent and the title to the property vested and remained in the city only so long as it continued to improve and forever use it as a public park, and when it ceased to do so the title reverted to the donor's devisees or their assigns." Again the counsel for appellant say: "If these conditions do not constitute a condition subsequent then appellant can not recover." If the deed, as the counsel say, was such as "that the property vested and remained in the city" as long as it performed the condition, then, whatever else may be said of it, it was substance and not shadow; it was a title, not a cloud.

The very able argument of the counsel is mainly addressed to the purpose of showing that this was a conveyance on condition subsequent, and that it should have been declared forfeited. If the counsel are right in their conception of their case, then the chancellor would have been justified in dismissing the first count in the petition on its own showing; because a court of equity never declares a forfeiture; when it interferes at all in a case of forfeiture it is only to relieve against it, never to aid it.

In 1 Pomeroy's Eq. Jur. (2 Ed.), sec. 459, it is said: It is a well-settled and familiar doctrine that a court of equity will not interfere on behalf of the party entitled thereto, and enforce a forfeiture, but will leave him to his legal remedies, if any, even though the case might be one in which no equitable relief would be given to the defaulting party against the forfeiture." And in the next section it is said: "There are in fact,

no exceptions to this doctrine; those which appear to be exceptions are not so in fact.''

The doctrine is thus stated by Story: ''It is a universal rule in equity never to enforce either a penalty or a forfeiture. Therefore courts of equity will never aid in divesting of an estate for a breach of a covenant on a condition subsequent, although they will often interfere to prevent the divesting of an estate for a breach of a covenant on condition.'' [2 Story Eq. Jur. (13 Ed.), p. 652.]

Chancellor Kent has said: ''It appears to be contrary to the uniform course of the court, and to its established principles, to *aid* in the divesting of an estate for breach of a condition subsequent.'' Then after stating the rule in equity relating to relieving against a forfeiture the chancellor added: ''It may be laid down as a fundamental doctrine of the court, that equity does not *assist* the recovery of a penalty or forfeiture, *or anything in the nature of a forfeiture.*'' [Livingston v. Tompkins, 4 Johns. Ch. 415, l. c. 430-1.] And that has been the doctrine of this court from the first. [Messersmith v. Messersmith, 22 Mo. 369; Towne v. Bowers, 81 Mo. 491; Sease v. Cleveland F. Co., 141 Mo. 488.]

Whatever the evidence, therefore, may have been, the plaintiff was entitled to no relief under the first count in her petition.

As to the second count, which was an action at law for the possession of the land and damages for its detention, there is nothing in the record for this court to review. If it should be conceded that the plaintiff's interpretation of the deed is correct (as to which we give no intimation) and that the plaintiff would have the right to enter for a breach of the condition subsequent, still, whether there was such a breach was an issue of fact, as to which, to say the most for the plaintiff, the testimony was conflicting and the finding was for the defendant. There were no instructions asked or

given and no questions of law are presented in the record.

It is assigned for error that the court refused to make a separate finding of the facts.

The request for such a finding was not made until after the judgment had been rendered and the motion for a new trial overruled. The court did right in refusing the request at that time. [Hamilton v. Armstrong, 120 Mo. 597; Loewen v. Forsee, 137 Mo. 29.]

There is no error in the record. The judgment is affirmed.

All concur, except *Robinson, J.,* absent.