## Milton J. Whitworth *v.* William Lyons.

1. Insolvent debtor : land exempt from execution loses its privilege of exemption upon its sale by debtor.—The land exempt by Art. 281, p. 529, of the Rev. Code, from sale under execution against an insolvent debtor, becomes liable to sale in satisfaction of a judgment against the debtor as soon as the debtor shall abandon its use and occupation in pursuance of a sale thereof by him to a third party.

APPEAL from the Chancery Court of Lawrence county. Hon. John E. McNair, chancellor.

*John D. Freeman,* for appellant.

*John T. Lampkin,* for appellee.

HANDY, J., delivered the opinion of the court:

The bill in this case shows, that one Rogers was the owner of two lots of land in the village of Brookhaven, valued at five hundred dollars, which he was entitled to hold exempt from execution, being the head of a family; and that on the 15th March, 1859, Rogers and wife conveyed the said lots by deed to the complainant, and delivered possession to him; that on the 23d August, 1859, an execution was issued on a judgment rendered against Rogers on the 19th November, 1858, under which the sheriff levied on the said lots, and sold them at public sale under the execution on the 21st November, 1859, to Whitworth for the sum of three hundred and eighty dollars, and has executed to him a deed for the same.

The bill prays that the sheriff's deed may be set aside, on the ground that the lots were exempt from execution. A demurrer filed by the defendant was overruled, and this appeal taken therefrom.

The only question presented for decision is, whether the lots of land were exempt from execution on account of the right of Rogers, *after the sale* and *delivery of possession to Lyons.*

The right of exemption is derived from the statute, Rev. Code, 529, Art. 281, which gives the right to any "free white citizen of this State"—"being a householder and having a family"—who shall be entitled to hold exempt from seizure or sale under execution, &c., "the land and buildings owned and occupied as a residence by such debtor," &c., "and such exemption shall continue after the death of such householder, for the benefit of the widow and family of the deceased, some or one of them continuing to occupy such homestead until the youngest child shall become twenty-one years of age and until the death of the widow."

It appears very clear, from the phraseology of this statute,

that the right of exemption was only intended to be given so long as the debtor during his life, or some one of his family after his death, should continue to occupy the premises rendered exempt. First, the right is given to a person "*being a householder and having a family*," to extend to "the land and buildings owned and *occupied as a residence by such debtor ;* and, then, it is to continue after his death, for the benefit of his widow and family," "some or one of them *continuing to occupy such homestead.*" The object manifestly was, to secure a home and a means of support to the debtor and his family; but not to render the property exempt when it was not occupied by them or some one of them after his death as their place of residence. Consequently, after the sale and abandonment of possession of it, the right of exemption was at an end, and the rights of judgment creditors prior to the sale would attach.

The demurrer to the bill should, therefore, have been sustained and the bill dismissed.

Let the decree be reversed and the bill dismissed.