[No. 4622.]

## M. FRIEDBERG *v.* CHARLES H. PARKER, EXECUTOR OF THE WILL OF MARY SARAH LIND, DECEASED.

CREDIT TO WIFE ON FAITH OF HER SEPARATE ESTATE.—The amendment of May 12, 1862, to the act of 1850 defining the rights of husband and wife, freed the personal estate of the wife from the rule laid down in *Maclay* v. *Love* (25 Cal. 367), and since the amendment, a court of equity will enforce a lien on the wife's separate personal estate for supplies furnished her to be used in the care of such estate, and upon the credit of the same.

APPEAL from the District Court, Twelfth Judicial District, City and County of San Francisco.

The testator was a married woman, the owner of separate estate both real and personal, of the value of thirty thousand dollars.  A part of said estate consisted of a ranch, which she cultivated.  The plaintiff was engaged in mer-

chandising, and, at her request, sold her groceries and provisions and clothing for use on the ranch. She told him she owned the ranch, and was doing business on her own account, and that she would pay for the goods. He gave her credit on the faith of her separate property. She gave him the note in suit for the supplies. The following is a copy of the same:

" $312.                         CALISTOGA, October 30, 1871.

"On the 1st day of March, 1872, I promise to pay to M. Friedberg the sum of three hundred and twelve dollars in United States gold coin, with one and one-half per cent. interest per month until paid, for value received.

"M. S. LIND."

She died in September, 1873, and left a will in which the defendant was appointed her executor. The will was probated in December, 1873, and the defendant received letters and qualified. The claim was presented to him for allowance, and rejected. The complaint set out the facts, and was filed April 28, 1874. The court gave the plaintiff judgment, payable generally, in due course of administration, out "of the estate of Mary Sarah Lind, deceased." The defendant appealed.

The other facts are stated in the opinion.

*John J. Roche*, for the Appellant, relied on *Maclay* v. *Love* (25 Cal. 367).

*Gunnison & Booth*, for the Respondent, argued that the facts took the case out of the rule laid down in *Maclay* v. *Love*, and cited *Terry* v. *Hammond* (47 Cal. 32), and *Miller* v. *Newton* (23 Cal. 554).

By the COURT:

1. No objection is taken by the appellant to the form in which the judgment was entered, as being against the entire assets of the estate, and not limited to that portion of them which were of the *personal* (as contradistinguished from the *real*) estate of the wife; nor is it suggested that

the personal property is insufficient to satisfy all debts or claims against her estate.

2. The amendment of May 12, 1862 (p. 518), freed the *personal* estate of the *feme* from the rule laid down in *Maclay* v. *Love* (25 Cal. 367), and as to liens and charges upon such estate the principles of the preceding case of *Miller* v. *Newton* (23 Cal. 554) apply.

Judgment and order affirmed.