SYLVESTER J. FISHER, Defendant in Error, v. GEORGE NELSON ET AL., Plaintiffs in Error.

**November 25, 1879.**

1. A conveyance of realty by a father and mother to their daughter for the term of the natural life of the latter, at an annual rental of one dollar, the former reserving to themselves, or either of them, a home on said premises during life, with free and absolute use and control of the same, passes to the daughter a freehold, giving her a life-estate; and after delivery of the instrument, the father has no such possessory right in the premises as is the subject of conveyance; nor has he such "control" of the premises as will authorize him to turn out his daughter, or to put a stranger in possession.

2. Under the statute, a husband cannot convey his interest in his wife's realty, unless by deed executed and properly acknowledged by her jointly with him.

ERROR to the St. Louis Circuit Court.

*Reversed and remanded.*

R. M. FOSTER, for the plaintiffs in error: As to wife's acknowledgment of conveyance. — *Wannall* v. *Kem*, 51 Mo. 150 ; *s. c.* 57 Mo. 478 ; *Clark* v. *Rynex*, 53 Mo. 380. The instrument in question conveyed a freehold estate. — *Hallet* v. *Wylie*, 2 Johns. 47 ; *Thornton* v. *Payne*, 2 Johns. 74.

JOHN N. STRAAT, for the defendant in error: Any estate granted under the lease was a chattel real, which the husband could convey without the wife joining in the deed. — *Bryan* v. *Wear*, 4 Mo. 106 ; *Beal* v. *Harmon*, 38 Mo. 435 ; 2 Kent's Comm. 342 ; 1 Bright's Husb. & W. 94–98.

BAKEWELL, J., delivered the opinion of the court.

On May 12, 1873, George Nelson and wife executed and delivered to their daughter Sarah, who afterwards intermarried with defendant, Henry Sylvester, an instrument by which, in consideration of natural love and affection, they did demise and lease to her the premises in question, " to have and to hold, to her, the said Sarah A. Nelson, and her assigns, during the term of her natural life," at an annual rent of one dollar : " *Provided, however*, that the said parties of the first part do hereby reserve unto themselves, or either of them, a home in and upon said premises for themselves, or either of them, during the term of their, or his or her, natural life, with the privilege of living upon said premises as a home, as aforesaid, for them or either of them, without any charges to be paid for said privilege to said party of the second part, or any other person, for the said term last aforesaid, with the full and free use and absolute control of said premises for said term, without any interference of said party of the second part, or any other person, just as they have been doing and living before the making of these presents. And if the said Sarah A. Nelson, by herself, her agent, or attorney, should deprive or attempt to deprive said parties of the first part, or either of them, of said home or said privilege, then this lease shall be void and of no effect."

Afterwards, and after the death of Mrs. Nelson, George Nelson, Sarah his daughter, and her husband, Henry Sylvester, the defendants in the present action, executed a deed of trust to secure a note made by George Nelson. The certificate of acknowledgment to this instrument is defective as

to Mrs. Sylvester, nothing being said as to any separate examination.   This deed of trust was foreclosed, and the plaintiff became the purchaser at trustee's sale, and received a deed for the property, on which defendants were all living at the commencement of this action.

This action is ejectment for the premises described in these deeds.   The court, sitting as a jury, found for the plaintiff, and gave judgment accordingly.

In order to recover, it was necessary that plaintiff should show both a legal interest and a possessory title.

It is essential to the validity of a conveyance by the husband and wife, of the wife's lands, that such conveyance should be acknowledged in conformity with the statute; and, under the statute, a husband can make no conveyance of his interest in his wife's real estate unless by deed executed by the wife jointly with the husband, and acknowledged by her in the manner provided by law in case of conveyance by the husband and wife of the real estate of the wife.   Wag. Stats. 935, sect. 14.

The trial court seems to have acted upon the theory that the interest Mrs. Sylvester had in this land under her father's lease was a mere chattel, and that it therefore passed by the conveyance of her husband.

We think it was clear that she had a freehold tenure. She had not a mere term in this land.   The date at which her possession was to determine had no certain end.   It was as an estate for life, and not an estate for years.   It is plain that the parties intended an effective conveyance; and the expressed will of the parties must control in the construction of the instrument.   The father and mother plainly intend to convey to the daughter a life-estate in the property, at a nominal rent, reserving to themselves, however, a right to reside with her on the premises so long as all three shall live.   The " control " of which the instrument speaks, must mean a control to be exercised by the father and mother so long as they shall reside on the premises, and

not a right to turn the daughter out, or to put a stranger there, in her place, or in theirs.   The instrument was plainly not a lease for a term of years.   If it did not convey a freehold estate, it conveyed nothing.   It is signed by all the parties, and contains a covenant by the daughter that she "will faithfully respect the rights of the said parties of the first part hereinbefore reserved," and it does not seem necessary so to construe those rights as absolutely to frustrate the grant of a present interest in the premises.   It is as if the parents had conveyed the premises to the daughter for life, and she had agreed with them, in consideration of the grant, that they should live with her on the premises as they had heretofore done.   " Words are not the principal things in a deed, but the intent and design of the parties ; and it is the duty of the courts to endeavor to find out such a meaning in the words as will best answer the intention of the parties " (28 Mo. 479), and so to interpret the instrument, if this can be done without falsifying the accepted sense of technical words, *ut res magis valeat quam pereat.*

It would seem, therefore, that, owing to the defective acknowledgment of Mrs. Sylvester, her interest in the premises did not pass ; and that her father had no possessory interest which was a subject of conveyance, and that plaintiff, therefore, was not in a position to maintain ejectment.

The judgment of the Circuit Court is reversed and the cause remanded.   All the judges concur.