D. W. LONGWELL, Appellant, v. KANSAS CITY, *et al.*, Respondents.

Kansas City Court of Appeals, February 15, 1897.

1. **Municipal Corporations**: STREET IMPROVEMENT: MAYOR'S COURT: JURISDICTION: SERVICE. An ordinance authorizing a mayor's court to assess damages and benefits for opening a street required the return of an officer. where parties in the city limits could not be served, to so state; but the officer charged with the service returned "I have made diligent search and failed to find" the plaintiff. *Held*, the return was insufficient to justify constructive notice by publication and the mayor's court acquired no jurisdiction of the plaintiff or his property.

2. ———: ———: ———: OWNER: MORTGAGEE. The charter of Kansas City provides as to the assessing of damages and benefits for the opening of streets that "it shall be sufficient to bring in the owner of the property or those interested therein at the time the ordinance providing for the improvement takes effect." *Held*, that this requires the bringing in of the mortgagee; and, unless so brought in, his interest will not be affected.

3. ———: ———: JUDGMENT: INJUNCTION. A landowner against whose lots the assessment of benefits in opening a street has been made is entitled to an injunction to remove the cloud of the judgment from his real estate where for want of notice the judgment is void.

*Appeal from the Jackson Circuit Court.*—HON. J. H. SLOVER, Judge.

REVERSED AND REMANDED.

*Karnes, Holmes & Krauthoff* for appellant.

(1) No jurisdiction was obtained over plaintiff, D. W. Longwell, the beneficiary of record in the deed of trust from T. A. Harris to S. F. Scott, trustee for D. W. Longwell. Since no personal service was made on Mr. Longwell, jurisdiction was obtained over him, if at all, solely by publication, and publication was only authorized to be made "if service can not be made on the party within the city limits." There was no jurisdiction to make the order of publication without the charter provisions being strictly complied with. Constructive service is not favored by the law and it is universally held that judgments rendered upon service by publication are absolute nullities unless the statutory requirements are followed in every particular. *Schell v. Leland*, 45 Mo. 289, 293; *State ex rel. v. Field*, 107 Mo. 445, 451; *Blanton v. Jamison*, 3 Mo. 52; *Stewart v. Stringer*, 41 Mo. 400; *Bank v. Suman*, 79 Mo. 527, 531. (2) Plaintiff Longwell, as beneficiary under a deed of trust on record at and before the condemnation ordinance took effect, was a necessary party to the condemnation proceedings in order for his interest in the property to be affected. *State ex rel. v. Walbridge*, 119 Mo. 383, 394, 395; *Stafford v. Fizer*, 82 Mo. 393, 398, 399; *Blevins v. Smith*, 104 Mo. 583, 589; *Rogers v. Tucker*, 94 Mo. 346, 353; *Cowell v. Gray*, 85 Mo. 169, 172; *Gitchell v. Kreidler*, 84 Mo. 472, 476; *Thompson v. R'y*, 110 Mo. 147; *Russell v. Grant*, 122 Mo. 161, 173, 174, 175; *Hicks v. Scofield*, 121 Mo. 381; 7 Lawson, Rights, Rem. & Prac., sec. 3984; *United States v. Villalonga*, 23 How. 35, 36, 45; *Severin v. Vole*, 38 Iowa, 463; *Corrigan v. Bell*, 73 Mo. 53; *Jaicks v. Sullivan*, 128 Mo. 177, 183; *Venable v. R'y*, 112 Mo. 103, 125. (3) The return was also insufficient to authorize

the bringing in of Harris, the mortgagor, and Scott, the trustee, and the judgment is likewise void as to them. *Corrigan v. Morris*, 43 Mo. App. 456, 461, 462; *Michael v. St. Louis*, 112 Mo. 610, 614; *Bank v. Suman*, 79 Mo. 527, 531; *State ex rel. v. Field*, 107 Mo. 445, 451. (4) During their whole period of existence, courts of equity have exercised original jurisdiction to remove clouds upon the title to real estate. When courts of equity have such jurisdiction, it is well established that they are not deprived thereof by a like jurisdiction being conferred upon courts of law. 1 Story, Eq. Jur. [13 Ed.], sec. 80, p. 89; *Bayha v. Taylor*, 36 Mo. App. 427; *Rily v. McCord*, 24 Mo. 265, 268; *Smith v. Finn*, 77 Mo. 499; *Wolff v. Ward*, 104 Mo. 127, 146; *Rubey v. Coal & Mining Co.*, 21 Mo. App. 159, 167; *Brim v. Fleming* (Sup. Ct. Mo. Nov. 11, 1896), 37 S. W. Rep. 501, 503; *Bradshaw v. Yates*, 67 Mo. 221, 233; *Spitts v. Wells*, 18 Mo. 468; *Case v. Fishback*, 10 B. Mon. 40, 41; *State ex rel. v. Philips*, 97 Mo. 331, 339.

*C. S. Palmer* and *Dan'l B. Henderson* for respondents.

(1) Plaintiff's bill was properly dismissed, as he had a simple, easy, prompt remedy at law, provided by the charter, as follows: Charter of Kansas City, art. 7, sec. 4, p. 70; 112 Mo. 615. It nowhere appears that plaintiff might not have appealed from judgment rendered in the mayor's court. (2) Plaintiff's contention that notice of pendency of condemnation proceedings was not duly and legally served on him is not well founded. Revised Statutes, Missouri, 1889, employs similar language in providing for service by publication, in case of nonresidents and others that can not be served with process within the state. 54 Mo. App.

315. It nowhere appears that in this case the officer, Curry, did not make diligent search for plaintiff within the limits of Kansas City. (3) It does not appear from the evidence and agreed statement of facts that plaintiff was a necessary party to the condemnation proceedings. He was not an owner of the property in question, against which the special taxes were assessed, until November 4, 1891. At most it only appears that he was the holder of promissory notes, secured by deed of trust on the land in question, from September 20, 1890, to November 4, 1891. The fee simple title during this whole time was vested in one T. A. Harris, subject to a deed of trust given by said Harris and wife to S. F. Scott, trustee for plaintiff. Both Harris and Scott are admitted to have been nonresidents and it is admitted that personal service of notice on them was impossible. Hence the service as to them obtained by publication was sufficient. Charter of Kansas City, art. 7, sec. 2, p. 67; 131 Mo. 225; Kansas City Charter, art. 9, sec. 18. Plaintiff must tender amount of taxes, interest and costs, in order to satisfy and remove the lien of the special tax bills. 73 Mo. 56; 98 Mo. 226; 115 Mo. 366, at pp. 378, 379; 84 Mo. 477; 41 Mo. App. 260; 82 Mo. 393; 58 Mo. App. 123. As mortgagee or *cestui que trust*, plaintiff could have paid the special tax bills at any time and included such payments in the cost of foreclosure. Jones on Mortgages [4 Ed.], sec. 1080. The alleged judgment in the *Arnold* suit furnishes no ground for sustaining plaintiff's petition. Charter Kansas City, art. 7, sec. 4, pp. 70, 71.

GILL, J.—This is a suit to remove a cloud from the title of certain lots in Kansas City belonging to the plaintiff. The alleged cloud consists of certain special judgments rendered in a proceeding to open a street, the lots in question having been assessed with benefits

aggregating about $650. The judgments are assailed on the ground that there was never any notice, actual or constructive, given to plaintiff of the institution or pending of the condemnation proceedings. At the trial below the court entered judgment for defendants, dismissing plaintiff's bill, and the cause was brought here by appeal.

The condemnation proceedings were had before the mayor, pursuant to article 7 of Kansas City's charter of 1889, and an ordinance of said city adopted September 20, 1890. At the date of the ordinance the legal title of the lots was in one Harris, but they were incumbered by a deed of trust to secure certain notes made by Harris to plaintiff Longwell, which the latter then and thereafter owned and held. Subsequently, and before this suit was brought, the Harris deed of trust was foreclosed and Longwell, the beneficiary, purchased at the sale and took a trustee's deed to the lots.

I. These condemnation proceedings at Kansas City have their origin in an ordinance adopted by the FACTS. city council, wherein the property to be taken, as well as the property to be assessed with benefits, is designated. The mayor then conducts the proceedings, appointing a time and place where the parties may be heard before a jury who shall assess the damages for property taken, and, also, assess against the different pieces of property benefited, their respective portions of such damages. Before impaneling this jury it is made the duty of the city clerk to issue notices to the parties concerned, naming the owners of each particular tract of land to be assessed with damages or benefits, as the case may be. These notices may be served by any policeman, constable or other officer authorized to serve and return the same. Such notices shall be served "either by delivering to such owner a copy of the notice or leaving such copy

for such owner at the usual place of abode of such owner with some member of the family of such owner over the age of fifteen years * * *. If service can not be made on all or any of the parties aforesaid within the city limits, the returns shall so state, and the returns shall be *prima facie* evidence of the facts stated therein." Thereupon, the effort to get personal service having been exhausted, it is provided that constructive notice shall be given by publishing for four weeks before the day set for hearing, a copy of the same in the newspaper doing the city printing. The parties having thus been brought in, the jury impaneled proceeds to hear and determine the damages and benefits, and the amounts thus assessed become special judgments against the property.

Now in this case Longwell was not personally served with notice, though it is conceded that at the time of the pendency of the proceedings, and for years prior thereto, he resided in Kansas City. However on the return day (December 29, 1890) the police officer intrusted with the service of the notices made this return: "I hereby certify that I have made diligent search and failed to find the following owners and parties in interest, within named, within the limits of Kansas City, Missouri: T. A. Harris; D. W. Longwell" and others. And it was upon this that the order of publication was made and the proceedings went forward to the charge on Longwell's property. It is also conceded that Longwell at no time appeared in the proceedings before the mayor, and never was informed thereof until called upon to pay the special assessments which had ripened into judgments.

It is clear, then, that unless Longwell was served by the publication of notice he was not within the jurisdiction of the mayor's court, and all such charges and assessments against him or his property should be

treated as null and void. There was no such construc-
tive jurisdiction over Longwell or his real estate by
virtue of the published notice, unless the prior return
of the officer serving process made the facts appear
which the charter has provided as a condition prece-
dent to the making of such order of publication. In
other words, before resort can be had to published
notice the return of the officer should show *"that serv-
ice can not be made on the party * * * within the city
limits."*

The return in this proceeding failed to show that
service of notice could not be made on D. W. Longwell
within the city; it stated only that after
diligent search the officer had *failed to
find* him. It might be that the officer was
unable to find Longwell, and yet he might
have been able to serve him in the man-
ner prescribed by charter; that is, if not by delivering
to such owner a copy of the notice yet it might have
been served by *"leaving such copy* for such owner at
the usual place of abode of such owner with some
member of the family of such owner over the age of
fifteen years." Until the charter mode of personal
service had proved unavailing and the *return had shown
this*, there was no jurisdiction to make the order of
publication. "This was the condition precedent for
such constructive service, a service not favored by the
law, and against which all presumptions are indulged."
*State ex rel. v. Field*, 107 Mo. 445, and cases cited.

It seems clear then, that as to Longwell no juris-
diction was obtained. He was not served with notice,
actual or constructive; and as he did not in fact
appear in the mayor's court, the whole proceeding
was as to him a nullity.

II. But the city's counsel contend that Longwell
was an unnecessary party to the condemnation pro-

ceedings—that it was only required to give notice to Harris, who held the legal title subject to Longwell's deed of trust.

*owner: mortgagee.*

Support for this contention is claimed from the language of the charter provision, before quoted, that the city clerk shall issue a notice "which shall give the name of the *owners* of the property to be assessed * * * each property owner shall be served with a notice in which the name of such owner is given." The claim seems to be that Harris alone was the *owner* within the meaning of the charter; and that Longwell, being a mere holder of an incumbrance, at the passage of the ordinance providing for the street opening, did not come within the designation of *owner*. In this connection it must be borne in mind that the city is only required to look to the record in the recorder's office and make such persons parties as are shown by such record "at the time the ordinance providing for the improvement takes effect." And at that time the record showed the title to be in Harris, and that Longwell was beneficiary in a deed of trust executed by Harris.

But notwithstanding the plausible nature of counsel's contention, the authorities are uniformly against it. The *owner* named in the charter or statute is held to include a record mortgagee or *cestui que trust* in a deed of trust duly recorded. *Stafford v. Fizer*, 82 Mo. 393; *Blevins v. Smith*, 104 Mo. 583, and cases cited at page 589, together with the numerous authorities found in the brief of the learned and industrious counsel for plaintiff.

In a majority of the cases cited the courts construed the general revenue law where the suit for the foreclosure of the state's lien for taxes on real estate is required to be brought against "the owner of the property." And in such cases it was held, that unless the

holder of a junior or inferior incumbrance is made a party defendant his interests will not be affected by the judgment. The reasons therefor are stated in the cases cited and we shall not extend this opinion by repeating them. This was, too, it seems, the intention in framing the city charter, where it states that, "it shall be sufficient to bring in the owner of property, or *those interested* in the property affected by such pro· ceedings who may be such owners *or be interested therein* at the time the ordinance providing for the improvement takes effect." We hold, then, that Longwell was a necessary party; that in order to assess the property in which he had a record interest at the date of the ordinance, it was necessary to give him notice, otherwise his interest would not be affected.

Neither can there be any question as to the right of the plaintiff to resort to equity to remove the cloud created by these judgments from the title ——:——: judg- ment: injunction. of his real estate. *State ex rel., etc., v. Philips*, 97 Mo. 331–339; *Bayha v. Taylor*, 36 Mo. App. 427; 1 Story's Eq. Jur., sec. 80.

Our conclusion then is that the condemnation proceedings in question are, as to plaintiff Longwell, void; and that the judgments charging his lots constitute a cloud on his title and should be removed.

The judgment of the circuit court will be reversed and cause remanded with directions to enter a decree as prayed for in plaintiff's petition. All concur.