W. D. RODGERS et al., Respondents, v. FIRST NATIONAL BANK OF APPLETON CITY, Appellant.

Kansas City Court of Appeals, January 8, 1900.

1. Justices' Courts: JUDGMENT: LIENS: TRANSCRIPT. The transcript of a justice's judgment when filed in the office of the clerk of the circuit court is a lien against the defendant's real estate situated in the county.

2. Homestead: JUDGMENT LIEN: MISSOURI DOCTRINE. In Missouri the lien of a judgment does not attach to the homestead of the judgment debtor though it may be otherwise in other jurisdictions.

3. Cloud upon Title: GRANTEE OF HOMESTEAD: JUDGMENT LIEN: PAROL EVIDENCE. The grantee of a homestead by deed with condition subsequent can maintain a bill to remove from his title a cloud cast by transcript judgments of a justice against his grantor filed in the circuit clerk's office when it would require parol evidence to show the invalidity of such lien.

4. **Equity:** CLOUD UPON TITLE: PREVENTIVE REMEDY: MIS-
USE OF JUDGMENT. Where a record on its face purports to be a
lien, though in fact, as can be shown only by parol evidence, it is
not a lien, it constitutes an embarrassment in the use of the property,
and equity, since its remedies are preventive as well as remedial, will
not permit such misuse of the judgment as to injuriously hamper
the landowner in the use of his own.

Appeal from the Bates Circuit Court.—*Hon. J. H. Lay,*
Judge.
AFFIRMED.

C. A. *Denton* for appellants.

(1)   A judgment of a justice of the peace is not a lien on
real estate owned by the defendant until a transcript is filed in
the office of the clerk of the circuit court of the county in
which the land is located.   R. S. 1889, sec. 6287.   The deed
of J. M. Rogers and wife to the other plaintiffs was recorded
October 14, 1896.   The transcripts of the judgments were
filed long thereafter, to wit: March 19, 1897.   (2)   The
condition of forfeiture in the warranty deed of J. M. Rogers
and wife, is a condition subsequent and a right that he alone
and not a stranger could take advantage of, and therefore a
judgment against him is not a lien on this right until he has
taken advantage of the forfeiture by claiming a forfeiture.
Messersmith v. Messersmith, 22 Mo. 369; Ellis v. Kyger,
90 Mo. 606.   (3)   The reservation in the deed of Rogers and
wife, reserving to them the mansion house, gave to the said
Rogers no such a possessory right that he could convey, or on
which a judgment against him would be a lien.   Fisher v.
Nelson, 8 Mo. App. 90; Wadsworth v. Smith, 11 Me. 278;
26 Am. Dec. 525; Long v. Timms, 107 Mo. 519; Carr v.
Lackland, 112 Mo. 460.   A court of equity will not exercise
its powers to declare that not to be a cloud which is shown by
the said record not to be one.   Colline v. Johnson, 120 Mo.
304; Fontaine v. Hudson, 93 Mo. 66; Beedle v. Mead, 81
Mo. 303; Clark v. Ins. Co., 52 Mo. 272.

*Thomas J. Smith* for respondents.

(1)   The respondents, J. M. Rogers and wife, having
made a deed in which it was expressly provided that in case
the grantees failed to pay them $150 per year during their
lives, and providing that in case of failure so to do, the deed
should be void, retained a conditional estate in the land which
at their election upon failure of performance of these condi-
tions subsequent would upon re-entry reinvest them with title
to the land.   2 Washburn Real Property [3 Ed.], p. 10, par.
12; 6 Am. and Eng. Ency. of Law [2 Ed.], p. 500, par. 5;
Ellis v. Kyger, 90 Mo. 606.   (2)   The fact that J. M. Rogers
and wife had a homestead right in this real estate, depends
upon facts the proof of which rests in parol, and, therefore,
this suit is maintainable to remove the apparent cloud upon
title.   6 Am. and Eng. Ency. of Law [2 Ed.], pp. 149, 150,
151; Beedle v. Mead, 81 Mo. 303; State ex rel. v. Philips, 97
Mo. 331; Longwell v. Kansas City, 69 Mo. App. 177.   (3)
Appellant in the court below admitted all the facts pleaded
and then claimed and insisted that the transcript judgments
were a lien against the real estate.   Having tried the case
upon that theory in the court below, appellant can not now be
heard in this court to say that all these matters were untrue
and have this court determine the case upon an entirely differ-
ent theory.   Whetstone v. Shaw, 70 Mo. 575; Walker v.
Owen, 79 Mo. 563-568; Holmes v. Braidwood, 82 Mo. 610-
617; Fell v. Coal Co., 23 Mo. App. 216-224; Martinowsky v.
Hannibal, 35 Mo. App. 71-79.

SMITH, P. J.—The facts of this case are undisputed
and are substantially these:   (1), the plaintiff, J. M. Rogers,
was the owner in fee of 160 acres of land on which he, with his
wife, had continuously lived as their homestead for more than
thirty years; (2), that the said plaintiff and wife executed
several deeds of trust on said lands to secure the payment of

debts amounting to $1,800; (3), that in the year 1895, the said plaintiffs, by their deed, conveyed to their co-plaintiffs the real estate hereinbefore referred to, subject to the said deeds of trust debts which the latter assumed to pay as a part of the consideration for said conveyance; that as a further consideration therefor, the co-plaintiffs agreed to pay the plaintiffs on the first day of every year, so long as the latter should live, one hundred and fifty dollars for their support and maintenance. The said deed contained a provision to the effect that the grantors reserved the sole and exclusive right to use and occupy the mansion house on said lands as long as they, or either of them should live, and in a case of a failure of the grantees therein "to comply in all things to be complied with by them as a part of the consideration aforesaid, when the same ought to be complied with, then the whole consideration shall be taken as having failed, and this deed shall be held as void and no title to said premises shall pass to said grantees;" (4), that in 1896, the defendant recovered before a justice of the peace several judgments against plaintiff J. M. Rogers, amounting to $368.50, and afterwards filed transcripts thereof in the office of the clerk of the circuit court, and it now claims that thereby the said judgments have become a lien against said land from the time of contracting of the debts upon which said judgments were based.

The petition of the plaintiff alleged, amongst other things:

"Said payments for support have been by the grantees in said last named deed made to the said J. M. Rogers and wife, and that they are still occupying the residence upon said premises as provided in said deed of conveyance so made by them; but that the amounts so stated as due and secured by the deeds of trust against the said land is now due and the plaintiffs are unable to pay the same without renewing said loan or securing a new loan on said land for the amount thereof; and that owing to the fact that said transcript judgments are of

record as an apparent lien against said land it is impossible for the plaintiff to secure either a renewal of said loan or make a new loan on said lands for the amount necessary to pay off the said incumbrances against the same, for the reason that the homestead and exemption rights of the plaintiff, J. M. Rogers, in and to said lands both at the time of making of the said deed of conveyance to his co-plaintiff herein, and now are not matters of record but the evidence thereof rests in parol; and for said reasons the filing of the said transcript judgments as before stated are and constitute a cloud upon the title and rights of the plaintiff herein, and were filed by the defendant for the purpose of incumbering the plaintiff's title thereto, and preventing these plaintiffs from either renewing said loan or securing a new loan on said land to pay off said old loans, and for the purpose of harassing the plaintiff in the matter of protecting their title and interests in and to said land, knowing well that defendant has now and never did have any valid lien or right to the enforcement of said judgments or any part of them against the said land.

"Wherefore the plaintiffs ask that the judgment aforesaid be by this court decreed and declared to be no lien incumbrance against said real estate or any part thereof or the interest of any of the plaintiffs herein, and that the cloud upon the title thereto in the plaintiff by reason of the filing of the judgments in the office of the clerk of this court by the defendant be removed, and that the plaintiffs be declared and decreed to have as against the said judgments and the defendant, by reason of the said judgment and their filing as aforesaid the full title in and to the said land and the full and free right of disposition; conveying and mortgaging thereof, and for all proper relief warranted by the premises."

It appears from the record that during the progress of the trial the defendant admitted all the facts alleged in the petition, except the execution of said deed of plaintiff J. M. Rogers and wife to the other plaintiffs. This deed was sub-

sequently read in evidence without objection. The finding and decree was for plaintiff and defendant appealed.

The transcript of the justice's judgment when filed in the office of the clerk of the circuit court was as much a lien against the real estate of J. M. Rogers as if it had been given in the circuit court. R. S. sec. 6287. Judgments rendered by any court of record are a lien on the real estate of the person against whom rendered, situate in the county for which the court is held. R. S. sec. 6011.

With respect to the effect of judgments upon homestead estates there are two classes of decisions. The first holds that the lien of a judgment does not attach to the homestead of the judgment debtor. Lamb v. Shays, 14 Iowa, 567; Green v. Marks, 25 Ill. 221; Houghton v. Lee, 50 Cal. 103; Black v. Epperson, 40 Tex. 162; Morris v. Ward, 5 Kan. 247; Martin v. Meredith, 71 N. C. 215. And the second holds that such lien does attach, but remains in abeyance while the premises continue to be occupied as a homestead and becomes potential as soon as the right of the homstead ceases, whether by separation of the family, abandonment or by alienation. Moon v. Granger, 40 Ark. 574; Smith v. Brockett, 36 Barb. 571; Whitworth v. Lyons, 39 Miss. 467; Bank v. Carson, 5 Neb. 47; Eberharts Appeal, 39 Pa. St. 509.

The cases in this state are to be assigned to the first class. Beckmann v. Meyer, 75 Mo. 333; Holland v. Kreider, 86 Mo. 59. If the said lands were covered by the homestead exemption of the said J. M. Rogers the judgment was not a lien thereon; but whether or not they were so covered was not disclosed by the record. If a fact, it could only be established by extrinsic parol evidence.

The defendant's contention here is that, even admitting the facts to be as we have stated them, still a court of equity is without jurisdiction to afford the protection prayed for in the petition of plaintiff. Some of the elementary books on equity jurisprudence, and, as well, some of the adjudged

cases, state the rule to be, that a court of equity will set aside a deed, agreement or proceeding affecting real estate, where extrinsic evidence is necessary to show its invalidity, because such instrument or proceeding may be used for annoying and injurious purposes at a time when the evidence to contest or resist it may not be as effectual as if used at once.   Still, if the defect appears upon its face, and a resort to extrinsic evidence is unnecessary, the reason for equitable interference does not exist, for it can not be said that any cloud is cast upon the title.   Pomeroy's Eq. Jurisp., sec. 13999, and cases cited in note 2; Story's Eq. Jurisp., sec. 700.

In Clark v. Ins. Co., 52 Mo. 272, it was said:   "The settled rule is, that when the defect appears upon the face of the record, through which alone the opposite party can claim title, there is not such a cloud upon the title as to call for the exercise of the equitable powers of the court to remove it. But when such claim appears to be valid upon the face of the record, and the defect can only be made to appear by extrinsic evidence, particularly if that evidence depends upon oral testimony to establish it, it presents a case for invoking the aid of a court of equity to remove it, as a cloud upon the title. Cox v. Clift, 2 Comst. 118; Ward v. Dewey, 16 N. Y. 529; Piersoll v. Elliott, 6 Pet. 95.   The distinction in the two classes of cases is not only founded in reason, but exists in the very nature of things.   It may be safely assumed, when such circumstances exist in connection with a deed as not only to give it an apparent validity, but to enable the grantor to make out a *prima facie* title under it, a cloud is created.   In showing title under a deed by the grantee himself, or in showing that the deed constitutes a cloud upon another's title, it is necessary to show some sort of title, either real or apparent, in the grantor.   The fact however is very material as to the manner in which the title of the grantor is shown.   If a grantee in a deed, void for some reason not appearing upon its face nor in any of the previous deeds, is able to show a regular

chain of conveyances down to his immediate grantor, then no one would doubt that the deed constituted a cloud upon the title. But if in the investigation, in tracing back the title, a defect appears upon the record, then it is evident there is no cloud, for the face of the record furnishes the means of detecting the error, and apprising parties of the true state of the title." Colline v. Johnson, 120 Mo. 299; Fontaine v. Hudson, 93 Mo. 66; Bank v. Evans, 51 Mo. 335; State ex rel. v. Philips, 97 Mo. 333; Beedle v. Mead, 81 Mo. 303; Longwell v. Kansas City, 69 Mo. App. 177.

Under the deed from J. M. Rogers and wife to their co-plaintiffs, undoubtedly passed the fee in the lands. The reservation to occupy the mansion house was no more than a privilege that was not assignable or vendible. Fisher v. Nelson, 8 Mo. App. 90. The condition contained in the deed was a condition subsequent. In the event of the nonperformance of this condition as to the payment to the grantor of the annuity, or as to any other condition, the right to take advantage of the forfeiture could not be exercised by a stranger, but only by the grantors. The estate would not be divested but would continue in the grantees until an entry by the grantors, or the equivalent thereto. Messersmith v. Messersmith, 22 Mo. 369; Ellis v. Kyger, 90 Mo. 600. But where the grantees take advantage of the forfeiture the title reinvests in them, and the judgments of the defendants would apparently become a lien thereon, while not really so in fact. The lands so conveyed by the said J. M. Rogers and wife were not subject to defendants' judgment, and if the title should revest in the former, by reason of the forfeiture of the condition subsequent in the deed, their homestead estate thereon would not in any way be impaired or destroyed. The lien of the judgment would no more attach to the homestead after the reinvestiture of the title than it did before the conveyance was made.

We do not suppose it would be contended, if one convey

his homestead to another in consideration of the payment of an annuity during his life, and upon the condition that if the annuity be not paid the conveyance to become void and the estate to revest, that in case of a forfeiture of the condition and revesture of the title, his homestead rights would thereby become extinguished, and especially so when, as here, he has not acquired another homestead but has remained in continuous occupancy of the mansion house thereon, under a reservation in the conveyance. If the defendant, after forfeiture and revesture, should sue out an execution on the judgment, and a sale should take place thereunder, the title, so far as disclosed by the record, would pass to the purchaser under the sheriff's deed. The record would then show a *prima facie* title in him. But this title would be invalidated by showing that the land so acquired was a homestead estate. This however could not be established by the record, but by extrinsic parol evidence. Accordingly, it would seem from this that the case is one in which a court of equity may properly interfere. The defendants' judgment would apparently be a valid lien on the land, and is for that reason calculated to throw some doubt upon the title, or it is at least capable of future misuse. The jurisdiction of courts of equity is not merely remedial but is also exercised to prevent injustice. Noll v. Morgan, decided by us at present term, *supra*, 112.

The defendant, by filing the transcripts of its judgments, has cast a cloud over the title of the grantees, and caused the validity thereof to be doubted; and has thereby succeeded in depreciating its market value.

The grantees, presumably, have not only paid said annuities, but, as well, the interest and taxes on said lands since their purchase. They are not full handed and now find themselves unable to discharge the deed of trust debts which have become due. By reason of the said conditions, brought about by the filing of the transcript judgments, and the defendants' assertion that said judgments are a lien on said land, the care-

ful and prudent capitalist and money lender is deterred from either extending the present deed of trust debt on the land, or from making a new loan thereon, and as a result thereof the plaintiffs' interests in said lands are likely to be sacrificed by a foreclosure of the deed of trust. The plaintiffs are helpless unless a court of equity will, in the exercise of its jurisdiction, interfere to avert the serious disaster which threatens to overtake them. A court of equity will not permit such a misuse by the defendants of its judgment. The trial court, we think, did not err in granting the plaintiffs the relief prayed in their petition.

The decree is affirmed. All concur.